**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

JEFFREY LAMOTHE,

                            Plaintiff,

              v.                                              2:23-CV-00055
                                                                             (TJM/CFH)

GREG GALLUS[1]; RUTLAND SHERIFFS
DEPARTMENT; RUTLAND SUPERIOR
COURT CLERKS,

                            Defendants.
_____

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

      Plaintiff commenced this action on March 16, 2023, by filing a complaint (Dkt. No. 1-2) and application for leave to proceed in forma pauperis ("IFP") (Dkt. No. 1).[2] On March 21, 2023, the District of Vermont disqualified itself and ordered that this case be

---

[1] Plaintiff refers to this defendant as both Greg Gallus and Greg Gullas. Compare dkt. no. 1-2 at 1-2 with id. at 4-7. The Court will use the spelling Gallus, as that appears to be what plaintiff uses in his most recent filings.

[2] Plaintiff has recently filed 12 actions in this District. See Lamothe v. Brown, 5:22-CV-161; Lamothe v. Bankruptcy Court, 5:22-CV-162; Lamothe v. Bankruptcy Court U.S. Trustee, 5:22-CV-163; Lamothe v. Cooper, 5:22-CV-164; Lamothe v. Federal Court Clerk, 2:22-CV-220; Lamothe v. Federal Court Clerks, 2:23-CV-28; Lamothe v. Rutland Sheriffs Department, 2:23-CV-29; Lamothe v. Rutland Sheriffs Department, 2:23-CV-30; Lamothe v. Rutland Superior Court Clerks, 2:23-CV-31; Lamothe v. Rutland City Hall Social Security, 2:23-CV-32; Lamothe v. Federal Court Clerks of Vermont, 2:23-CV-33; Lamothe v. Federal Court Clerks, 2:23-CV-40. On June 16, 2023, Chief Judge Geoffrey W. Crawford enjoined plaintiff from filing any new actions in the U.S. District Court, District of Vermont without first obtaining leave from the Chief Judge. See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 19.

reassigned to a U.S. District Judge in the Northern District of New York. See Dkt. No. 2. On March 23, 2023, this matter was assigned to Senior U.S. District Judge Thomas J. McAvoy. See Dkt. No. 3. On May 9, 2023, this matter was referred to the undersigned. See Dkt. No. 4. Presently pending for review is consideration of plaintiff's IFP application, and, if granted, review of the complaint pursuant to 28 U.S.C. § 1915.

## I. **In Forma Pauperis**

After reviewing plaintiff's IFP application, Dkt. No. 1, the Court concludes that plaintiff financially qualifies to proceed IFP.[3] Accordingly, the undersigned proceeds to review the complaint.

## II. **Relevant Legal Standards**

Section 1915(e)[4] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to

---

[3] Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.

[4] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No.

3

19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[5]  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

---

[5] As copies of this case have been provided to plaintiff along with each Report-Recommendation & Orders filed in his other cases, the Court will not be sending another copy of this unpublished case at this time.

Fed. R. Civ. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second

Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III.  **Complaint**

The document that plaintiff labels "Complaint" states as follows:

> Damages, Timely Manner, Malpractice, Justice Civil Rights, Protocal [sic], protect an [sic] services, obstruction of justice, withholding monies, time spent by myself.  If need be, more information from Rutland Superior Court from Docket 22-CV-03402!!

Dkt. No. 1-2 at 1.  In a document labeled, "Motion[,]" plaintiff provides that he is seeking

> Summary of Judgement to be paid to Jeffrey P. Lamothe
> (1) Greg Gallus – sum of three thousand dollars.
> (2) Sheriffs Department Clerk sum of six thousand dollars.
> (3) Sheriffs Department Lawyers sum of six thousand dollars.
> (4) Rutland Superior Court Clerk sum of twelve thousand dollars.
> Total twenty-seven thousand dollars.
> Conclusion
> Settlement of fifty one percent, no later than ten days mailing date of March 03 2023.  Fifty one percent of twenty-seven thousand dollars after ten days full summary of judgment, this has been going on since September 29 2022 of filing date.

Dkt. No. 1-2 at 2.

Next, plaintiff appends a copy of a summons from Vermont Superior Court, Civil Division, that appears to state that it was filed "09/29/22" and is addressed to Greg Gallus, advising him that a lawsuit had been filed against him.  Dkt. No. 1-2 at 3. Plaintiff also attaches what appears to be a copy of the complaint he filed in the Vermont Superior Court against Greg Gallus.  See Dkt. No. 1-2 at 4.  In this complaint,

6

plaintiff states that on an unspecified date in April 2022, he hired defendant Greg Gallus, a resident of Vermont, to drive with him to pick up a vehicle he purchased in Vermont.  See id.  Once the new vehicle was obtained, Mr. Gallus was to drive plaintiff's other vehicle, a "Ford Truck," back to plaintiff's residence while plaintiff's drove the newly-purchased vehicle home.  Plaintiff indicates that during the return trip, after pulling into a parking lot, Mr. Gallus collided with a construction vehicle, causing damage to the passenger doors of plaintiff's truck.  Id.  Plaintiff provided that Mr. Gallus "hasn't contacted me for any kind of payment as he had said."  Id.  Plaintiff indicated that he sought "Mr Greg Gullas to pay seven hundred fifty dollars to damages to my Ford F-150 truck."  Id. at 5.  Plaintiff includes another document titled, "alteration #Three Alter Motion" wherein he sought Mr. Gallus to pay $1600 "no later than January 14 2023, after this date I shall raise thee [sic] amount to three thousand dollars which will cover the costs of thee subpoenas, rent a car [sic] as well as no other costs to myself."  Id. at 7.

### IV. **Analysis**

Plaintiff has failed to demonstrate this Court's subject matter jurisdiction over his complaint.  First, plaintiff has not set forth any basis for federal question jurisdiction.  He also has not demonstrated diversity jurisdiction.  As plaintiff's claim seeks monetary damages against Mr. Gallus for damage plaintiff alleges that Mr. Gallus while driving plaintiff's vehicle, this is a state law claim.  As plaintiff and Mr. Gallus are citizens of different states and plaintiff appears to seek to set forth a state law claim, plaintiff would need to proceed through this Court's diversity jurisdiction.  However, plaintiff would also have to demonstrate that the amount in controversy equals or exceeds $75,000.

Plaintiff seeks monetary damages relating to damage to his personal property, his vehicle, as a result of a collision.  Plaintiff indicates that he seeks from plaintiff $3000.  Plaintiff also seeks monetary relief from the "Sheriffs Department Clerk," "Sheriffs Department Lawyers," and "Rutland Superior Court Clerk," for a total of $27,000.  Dkt. No. 1-2 at 2.  As the amount in controversy is less than $75,000, he cannot proceed under this Court's diversity jurisdiction.

Even if plaintiff could demonstrate this Court's subject matter jurisdiction, his complaint also fails because it does not meet the requirements of Fed. R. Civ. P. 8 and 10.  Although the attachments to plaintiff's complaint provide facts, albeit minimal and insufficient, regarding plaintiff's apparent claims against Mr. Gallus, to the extent plaintiff names the Rutland Sheriff's Department or the Rutland Superior Court Clerks in this action,[6] he sets forth no facts and makes no legal claims against these defendants.  Dkt. No. 1-2 at 2.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based.  See, e.g., Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 555-56.   Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Plaintiff does not meet this threshold with respect to any claims against Rutland Sheriff's Department, the Rutland Superior Court Clerks, or Greg Gallus.

Moreover, it is clear from plaintiff's submissions that plaintiff commenced an action against Mr. Gallus in Vermont Superior Court, presumably to recoup monetary damages for his vehicle.  See Dkt. No. 1-2 at 3.  Plaintiff has not indicated to this Court

---

[6] As plaintiff did not name specific clerks, these are John/Jane Doe defendants.

the outcome of that proceeding or whether it is pending. To the extent plaintiff may seek this Court to review the outcome of a state court proceeding, such review may be barred by the Rooker-Feldman doctrine. See Sung Cho v. City of New York, 910 F.3d 639, 644 (2d Cir. 2018) ("[I]n order for a court to be deprived of jurisdiction under the Rooker-Feldman doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced."). Even if Rooker-Feldman does not apply, if plaintiff raised the same claims against Mr. Gallus in the state court and they were addressed and rejected or if he had claims that should have been litigated, he may be barred from proceeding in this Court by collateral estoppel or res judicata. See generally Flaherety v. Lang, 199 F.3d 607, 612 (2d Cir.1999) (noting that under the doctrine of res judicata or claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating issues that were, or could have been, raised in that action); Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 ((2d Cir. 1997) (noting that collateral estoppel applies where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."). Accordingly, the Court also needs to be provided details about the proceeding plaintiff brought against Mr. Gallus in state court and the status or outcome of that proceeding.

9

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. Given his history, the Court believes it is very unlikely that plaintiff will amend his complaint, let alone amend it to cure the defects identified herein. However, because an amended complaint potentially could demonstrate this Court's venue and subject matter jurisdiction, it is recommended that plaintiff be permitted to amend his complaint to provide sufficient factual support and legal arguments and cure the defects identified herein.

## VI.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, dkt. no. 1, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-2, be **DISMISSED without prejudice and with an opportunity to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be permitted thirty (30) days from the filing date of the District Judge's Order to file an amended complaint, and that if plaintiff fails to file an amended complaint within that timeframe, the case be closed without further order of the Court;

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules of Practice.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[7]

Dated: September 13, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).