UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

---

JEFFREY LAMOTHE,

        Plaintiff,

  v.                    2:23-cv-00055 (AMN/CFH)

GREG GALLUS, RUTLAND SHERIFFS
DEPARTMENT and RUTLAND
SUPERIOR COURT CLERKS,

        Defendants.

---

**APPEARANCES:**             **OF COUNSEL:**

**JEFFREY LAMOTHE**
17 Potter Avenue, Apt. B
P.O. Box 284
Granville, New York 12832-0284
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

    This case was assigned to the United States District Court for the Northern District of New York, following the decision by United States Chief District Judge Geoffrey W. Crawford to disqualify the United States District Court for the District of Vermont pursuant to 28 U.S.C. § 455(a). Dkt. Nos. 2-3. Plaintiff *pro se* Jeffrey Lamothe filed this action in the District of Vermont, raising claims related to the purchase of an automobile. Dkt. No. 1-2 ("Complaint"). He alleges that Defendant Greg Gallus, who was assisting Plaintiff in picking up the purchased vehicle, damaged Plaintiff's truck while driving that vehicle. Plaintiff seeks damages as a result. Plaintiff apparently filed a state-court claim based on the same subject matter. Plaintiff includes

as Defendants court officials in Rutland, Vermont, as well as law enforcement officials in that town. This Court (McAvoy, J.)[1] referred the matter to United States Magistrate Judge Christian F. Hummel for a Report-Recommendation. Dkt. Nos. 4-5.

Because Magistrate Judge Hummel recommended permitting Plaintiff to proceed *in forma pauperis*, Magistrate Judge Hummel performed an initial review of the Complaint to determine whether service was warranted. In his Report-Recommendation and Order dated September 13, 2023 ("Report-Recommendation"), Magistrate Judge Hummel concluded that Plaintiff has failed to state a claim upon which relief could be granted and recommends dismissal of the action. Dkt. No. 6. The Complaint, Magistrate Judge Hummel found, offers no basis for federal question jurisdiction or diversity jurisdiction. *Id.* at 7-8.[2] Plaintiff points to no federal statute or provision that would give rise to his claim, and he fails to allege an amount in controversy sufficient to establish diversity jurisdiction. *Id.* Moreover, Plaintiff has failed to allege facts sufficient to state a claim against any Defendant and states no facts at all related to two of the three Defendants. *Id.* at 8. Because the Complaint also makes clear that Plaintiff filed a claim in state court related to Defendant Gallus's conduct, Magistrate Judge Hummel found that the claims may be precluded by claim or issue preclusion, and may be barred by the *Rooker-Feldman* doctrine as an appeal of a state-court decision as well. *Id.* at 8-9. While Magistrate Judge Hummel doubted that Plaintiff could plead facts sufficient to state a claim, he nonetheless recommended dismissal without prejudice, as Plaintiff proceeds *pro se*. *Id.* at 10. Last, Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections

---

[1] The case was subsequently reassigned to the undersigned. Dkt. No. 8.
[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

2

and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.   STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances

3

to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citations omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff did not file objections to the Report-Recommendation.  Instead, Plaintiff responded to the Report-Recommendation by filing a document that offered to settle the matter for $10,000.  Dkt. No. 7.  The document does not address any of the bases for Magistrate Judge Hummel's recommendation that the Court dismiss the action.  Because "[e]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal", *see Caldwell*, 2022 WL 16918287, at *1 (quotation omitted), the Court concludes that Plaintiff has not objected to the Report-Recommendation.  The Court further finds that the Report-Recommendation is not subject to attack for clear error.  Even

after *de novo* review, the Court agrees with Magistrate Judge Hummel's findings for the reasons stated in the Report-Recommendation.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's application for leave to proceed *in forma pauperis*, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1-2, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that if Plaintiff does not submit an amended complaint consistent with the guidance set forth in the Report-Recommendation **within thirty (30) days** of the date of this Order, the case will be dismissed without prejudice and without further order of the Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: May 13, 2024
Albany, New York

*(signed)* Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk has previously provided copies Plaintiff with copies of all unreported decisions herein.

5